# IN THE U. S. DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## SOUTHERN DIVISION

NED ROBINSON; AND HIS WIFE,
LINDA C. ROBINSON,

      Plaintiffs

          v.

AMERICAN HYDROTECH, INC.;
ACTION RESOURCES, LLC; and
DEMETRIUS A. SMITH

      Defendants

Civil Action No. _____ 1:20cv40LG-RHW

## **FIRST COMPLAINT**

### [*JURY TRIAL REQUESTED*]

COME NOW Plaintiffs, Ned Robinson, and his wife, Linda C. Robinson, by and through their attorneys, and respectfully submit the following Complaint against Defendants, American Hydrotech, Inc., Action Resources, LLC and Demetrius A. Smith (collectively, "Defendants"), to wit:

### **PARTIES**

1. Plaintiffs, Ned Robinson and Linda C. Robinson, are individual adults who are resident citizens of Zachary, Louisiana.

2. Defendant, American Hydrotech, Inc. ("Hydrotech"), is an Illinois corporation whose principal place of business address and headquarters are located at 303 East Ohio Street in

Chicago, IL, 60611.  Hyrdotech may be served with summons and proves by serving its registered

agent, Myron Kantor, at 650 Dundee Road, Suite 160, Northbrook, IL  60062.

      3.     Defendant, Action Resources, LLC ("AR"), is an Alabama-based, limited liability

company.  AR's principal address and headquarters are located at 204 20th Street North in

Birmingham, Alabama 35203.  AR may be served with summons and process by serving Steve

Johnson at 204 20th Street North in Birmingham, Alabama 35203.

      4.     Defendant, Demetrius A. Smith ("Smith"), is an individual adult who is a resident

of Valdosta Georgia.  Smith may be served with summons and process at 2317 Deborah Drive,

Valdosta, Georgia 31602.

<u>**JURISDICTION AND VENUE**</u>

      5.     This Court has subject matter jurisdiction over the subject matter of this action

under 28 USC 1331 as Plaintiffs' cause of action arises under the Federal Motor Carrier Safety

Regulations, as set forth in 49 C.F.R. § 300 – 399.

      6.     This Court has diversity jurisdiction over the parties and subject matter of this

action under 28 USC 1332 as there is complete diversity between all parties with plaintiffs being

resident citizens of Louisiana and Defendants being resident citizens of Alabama, Illinois and

Georgia, respectfully. Therefore, complete diversity exists between all parties.

      7.     This Court has jurisdiction over all non-resident parties pursuant to Miss. Code

Ann. § 13-3-57, and federal common law.

      8.     Venue is proper in this Court in accordance with Miss. Code Ann. § 11-11-

3(1)(a)(i), and federal law as the incident complained of in this action occurred in Harrison

County, Mississippi.

<u>**FACTS COMMON TO ALL COUNTS**</u>

9.     At all relevant times, Defendant AMERICAN HYDROTECH, INC. was a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations, and was subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382 *et. seq.*

10.     At all relevant times, Defendant AMERICAN HYDROTECH, INC. had a USDOT Number.

11.     At all relevant times, Defendant AR was a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations, and was subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et. seq.*

12.     At all relevant times, Defendant AR's USDOT Number was 680185.

13.     At some time before February 1, 2017, Defendants AMERICAN HYDROTECH, INC. and AR entered into an agreement to work together, share and transport vehicles and equipment, and transport cargo and arrange to transport cargo to locations both inside and outside the State of Mississippi.

14.     At some time before February 1, 2017, Defendants AMERICAN HYDROTECH, INC. and Smith entered into an agreement to work together to transport AMERICAN HYDROTECH, INC.'s hazardous cargo to locations both inside and outside the State of Mississippi.

15.     At some time on or before February 1, 2017, Defendant AMERICAN HYDROTECH, INC. hired Defendant Smith as a commercial driver.

16.     At some time on or before February 1, 2017, Defendant AR hired Defendant Smith as a commercial driver.

17.     On February 1, 2017, at some time before 8:30 am, Defendant Smith attached a 2014 Peterbuilt tractor ("the AR tractor") to a tanker trailer ("the AMERICAN HYDROTECH, INC. trailer") filled with the chemical product Hydroseal.

18.     At all relevant times, AR controlled or had the right to control the use and operation of the AR tractor.

19.     At all relevant times, AMERICAN HYDROTECH, INC. controlled or had the right to control the use and operation of the AMERICAN HYDROTECH, INC. trailer.

20.     At all relevant times, Defendant Smith was acting as an agent, servant, or employee of, and acting in the ordinary course of employment for, Defendant AR.

21.     At all relevant times, Defendant Smith was acting as an agent, servant, or employee of, and acting in the ordinary course of employment for, Defendant AMERICAN HYDROTECH, INC.

22.     At all relevant times, Defendant Smith operated the AR tractor and AMERICAN HYDROTECH, INC. trailer with the knowledge, consent, and permission of Defendant AR.

23.     At all relevant times, Defendant Smith operated the AR tractor and AMERICAN HYDROTECH, INC. trailer with the knowledge, consent, and permission of Defendant AMERICAN HYDROTECH, INC.

24.     At all relevant times, Defendant AR controlled or had the right to control the transportation of the subject cargo.

25.     At all relevant times, Defendant AMERICAN HYDROTECH, INC. controlled or had the right to control the transportation of the subject cargo.

26.     At no time was the subject cargo or the combination of the AMERICAN HYDROTECH, INC. trailer and the subject cargo scaled or weighed.

27.    Upon information and belief, the combination of the AR tractor, AMERICAN HYDROTECH, INC. trailer and the subject cargo yielded a weight greater than 80,000 lbs, the maximum weight allowed under state and federal law.

28.    The subject cargo was supposed to be transported to an unknown location.

29.    During the time that Defendant Smith was transporting the subject cargo, he operated the AR tractor and AMERICAN HYDROTECH, INC. trailer eastbound on interstate 10.

30.    At or around 8:30 a.m., Plaintiff Ned Robinson was operating a 2007 Peterbuilt tractor truck that was owned by L&B Transport, L.L.C. out of Port Allen, Louisiana, driving Eastbound on Interstate 10

31.    At about 8:45 a.m., Plaintiff Ned Robinson was forced to come to a complete stop on Interstate 10 travelling eastbound on the Tchoutacabouffa River Bridge in Harrison County, Mississippi, due to severe traffic congestion caused by another car wreck.

32.    At or around 8:45 am on February 1, 2017, while he was operating the AR tractor and AMERICAN HYDROTECH, INC. trailer on Interstate 10, Defendant Smith crashed into the rear of the Tractor trailer rig operated by Plaintiff Ned Robinson ("the subject crash"). (See Accident report attached as Exhibit "A".)

33.    The force of the impact of the subject crash was greater than it would have been had the AR tractor-AMERICAN HYDROTECH, INC. trailer (and the subject cargo) combination not been illegally overweight at the time of the subject crash.

34.    As a result of the subject crash, Plaintiff Ned Robinson suffered serious and permanent injuries.

35.    As a result of the subject crash, Plaintiff Ned Robinson suffered, and continues to suffer, pain, discomfort and permanent disability

36.     As a result of the subject crash, Plaintiff Ned Robinson suffered, and continues to suffer, severe mental and emotional trauma.

37.     As a result of the subject crash, Plaintiff Ned Robinson suffered, and will continue to suffer, physical pain, severe emotional distress, psychological distress, mental anguish, lost wages and business opportunities, loss of enjoyment of life, and other injuries, conditions, and damages more specifically set forth in this Complaint and contained within his medical records. Plaintiff Ned Robinson's injuries have required, and will continue to require, continued care, treatment, and medication.

38.     Defendants AMERICAN HYDROTECH, INC, AR, and Smith entered into a joint venture for the transportation of the subject cargo and the subject crash occurred during the operation of the joint venture.

<u>**COUNT I**</u>
**NEGLIGENCE**
**Against Defendant Smith**

39.     Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 38 above.

40.     At all relevant times, Defendant Smith was subject to the statutes and regulations of the State of Mississippi, and to the Federal Motor Carrier Safety Regulations, with respect to the operation of the AR tractor and AMERICAN HYDROTECH, INC. trailer he was operating at the time of the subject crash, and he had a duty to comply with all such laws and regulations.

41.     At all relevant times, Defendant Smith had a duty to abide by the rules, regulations, customs and standards set forth in the Mississippi Commercial Driver's License Manual.

42.     At all relevant times, Defendant Smith had a duty to exercise ordinary and reasonable care while operating a tractor-trailer on the public roadways of the State of Mississippi.

6

43.     At all relevant times, Defendant Smith had a duty to operate the AR tractor and AMERICAN HYDROTECH, INC. trailer in a careful, prudent and lawful manner.

44.     At all relevant times, Defendant Smith had a duty not to operate the AR tractor and AMERICAN HYDROTECH, INC. trailer while his ability or alertness was so impaired through fatigue, or any other cause, that it was unsafe for him to begin or continue to operate the tractor-trailer.

45.     In crashing the tractor-trailer into the rear of the vehicle operated by Plaintiff Ned Robinson, Defendant Smith failed to comply with relevant laws and regulations, failed to abide by the rules, regulations, customs and standards set forth in the Mississippi Driver's License Manual, and failed to exercise ordinary care, and was negligent in one or more of the following respects:

   a.  In failing to keep a proper lookout;

   b.  In failing to be attentive to his driving environment;

   c.  In failing to be alert for other vehicles;

   d.  In failing to identify hazards and/or potential hazards on the roadway;

   e.  In failing to react appropriately to hazards and/or potential hazards on the roadway;

   f.  In failing to act after danger of a collision was apparent;

   g.  In operating a tractor-trailer during a time when his ability or alertness was so impaired through fatigue, or any other cause, that it was unsafe for him to begin or continue to operate a tractor-trailer;

   h.  In failing to stop, swerve, slacken speed, or sound a warning when he knew or should have known that there was a reasonable likelihood of striking another vehicle;

   i.  In operating a tractor-trailer in a careless and reckless manner;

j.   In following too closely;

k.   In failing to maintain control of his vehicle;

l.   In using a hand-held mobile communications device while driving;

m.   In violating provisions of Mississippi's "Rules of the Road," codified at Miss. Code Ann. §§ 63-3-1 to 63-3-1215; and

n.   In committing any other acts of negligence that have not been exposed but may be identified during discovery.

46.   Defendant Smith's actions and omissions as set forth above were negligent and directly caused or contributed to cause the subject crash and Plaintiff Ned Robinson's injuries and Plaintiffs' damages.

## COUNT II
### NEGLIGENCE PER SE
### Against Defendant Smith

47.   Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 46 above.

48.   The aforementioned acts and omissions by Defendant Smith constitute negligence per se.

49.   Defendant Smith's negligent acts and omissions violated provisions of Mississippi's "Rules of the Road," including but not limited to:

a.   Section 63-3-505, conditions under which speed must be decreased;

b.   Section 63-3-609, overtaking and passing of vehicles proceeding in the same direction;

c.   Section 63-3-619, distances to be maintained between traveling vehicles;

d.   Section 63-3-1201, reckless driving;

    e.   Section 63-3-1203, operation of vehicle under circumstances which interfere with driver's view or control over driving mechanism; and

    f.   Section 63-3-1213, careless driving.

50.    Defendant Smith's negligent acts and omissions violated provisions of the Federal Motor Carrier Safety Regulations, including but not limited to:

    a.   49 C.F.R § 390.3, general applicability;

    b.   49 C.F.R. § 390.9, state and local laws, effect on;

    c.   49 C.F.R § 392.3, ill or fatigued operator;

    d.   49 C.F.R § 392.7, equipment, inspection and use;

    e.   49 C.F.R § 392.9, inspection of cargo, cargo securement devices and systems;;

    f.   49 C.F.R § 392.80, prohibition against texting;

    g.   49 C.F.R § 392.82, using a hand-held mobile telephone; and

    h.   49 C.F.R § 396.13, driver inspection.

51.    Plaintiff Ned Robinson was a member of the class sought to be protected under the provisions of Mississippi's "Rules of the Road" and under the provisions of the Federal Motor Carrier Safety Regulations that were violated by Defendant Smith.

52.    Plaintiff Ned Robinson's injuries that resulted from the subject crash are the type of injuries that Mississippi's "Rules of the Road" and the Federal Motor Carrier Safety Regulations were designed to prevent and avoid.

53.    The aforementioned violations were each a direct and proximate cause of the subject crash and resulted in Plaintiff's injuries and Plaintiffs' damages as asserted in this Complaint.

## COUNT III
### GROSS NEGLIGENCE
**Against Defendant Smith**

54.     Plaintiffs specifically refer to and incorporate by reference the Paragraphs 1 through 53 above.

55.     The aforementioned acts and omissions by Defendant Smith constitute gross negligence.

56.     Defendant Smith had actual, subjective awareness of the risks associated with his acts and omissions, but nevertheless proceeded with them.

57.     Defendant Smith acted with conscious indifference to Plaintiff Ned Robinson's rights, safety, and welfare.

58.     Defendant Smith's acts and omissions were committed with an extreme degree of inattention and distraction and were the result of Defendant Smith's decisions to direct his attention away from the road and other vehicles and to operate a tractor-trailer while fatigued, distracted, and/or impaired.

59.     The grossly negligent acts discussed above were each a direct and proximate cause of the subject crash and resulted in Plaintiff Ned Robinson's injuries and Plaintiffs' damages as asserted in this Complaint.

## COUNT VI
### VICARIOUS LIABILITY
**Against Defendant AR**

60.     Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 59 above.

61.     At all relevant times, AR was the owner or lessee of the AR tractor driven by Defendant Smith, and AR controlled its use and operation.

62.     At all relevant times, Defendant Smith operated and drove the AR tractor at the time of the subject crash with the express permission and consent of AR and for its benefit.

63.     At all relevant times, Defendant Smith operated and drove the AR tractor while in the course and scope of his employment for AR.

64.     At all relevant times, Defendant Smith was acting as an employee, agent, and servant of AR.

65.     At all relevant times, Defendant Smith was acting in the furtherance of the business of AR and within the course and scope of his employment with AR.

66.     AR is therefore vicariously liable for Defendant Smith's acts and omissions as asserted in this Complaint under one or more of the following: the doctrine of *respondeat superior*, principles of agency law, and joint venture.

### COUNT V
### VICARIOUS LIABILITY
### Against Defendant AMERICAN HYDROTECH, INC.

67.     Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 66 above.

68.     At all relevant times, AMERICAN HYDROTECH, INC. was the owner or lessee of the AMERICAN HYDROTECH, INC. trailer hauled by Defendant Smith, and AMERICAN HYDROTECH, INC. controlled its use and operation.

69.     At all relevant times, Defendant Smith was the owner and lessor of the AR tractor.

70.     At all relevant times, Defendant Smith operated, hauled and used the AMERICAN HYDROTECH, INC. trailer at the time of the subject crash with the express permission and consent of AMERICAN HYDROTECH, INC. and for its benefit.

71.     At all relevant times, Defendant Smith operated, hauled and used the AMERICAN HYDROTECH, INC. trailer while in the course and scope of his employment for AMERICAN HYDROTECH, INC.

72.     At all relevant times, AMERICAN HYDROTECH, INC. and AR were parties to a trailer interchange agreement with each other, wherein both AMERICAN HYDROTECH, INC. and AR formally recognized that they had a mutual interest with relationship to customers and equipment, and AMERICAN HYDROTECH, INC.  and AR agreed to share, freely utilize, and/or interchange trailer units AMERICAN HYDROTECH, INC. and AR owned individually or jointly, or rented or leased individually or jointly.

73.     At all relevant times, Defendant Smith was acting as an employee, agent, and servant of AMERICAN HYDROTECH, INC.

74.     At all relevant times, Defendant AMERICAN HYDROTECH, INC. controlled and directed how Defendant Smith performed his job responsibilities.

75.     At all relevant times, Defendant Smith was acting in the furtherance of the business of AMERICAN HYDROTECH, INC. and within the course and scope of his employment with AMERICAN HYDROTECH, INC.

76.     At all relevant times, Defendants, Smith and AMERICAN HYDROTECH, INC., were partaking in a joint venture.

77.     At all relevant times, AR was acting as an employee, agent, and servant of AMERICAN HYDROTECH, INC.

78.     At all relevant times, AR and AMERICAN HYDROTECH, INC. were partaking in a joint venture.

79.     At all relevant times, Smith, AR and AMERICAN HYDROTECH, INC. worked together to carry out an enterprise for profit, for which purpose Smith, AR and AMERICAN HYDROTECH, INC. combined their property, money, efforts, skill and knowledge.

80.     AMERICAN HYDROTECH, INC. is therefore vicariously liable for Defendant Smith's acts and omissions as asserted in this Complaint under one or more of the following: the doctrine of *respondeat superior*, principles of agency law, and joint venture.

81.     AMERICAN HYDROTECH, INC. is therefore vicariously liable for Defendant AR's acts, omissions, and liability as asserted in this Complaint under one or more of the following: the doctrine of *respondeat superior*, principles of agency law, and joint venture.

## COUNT VI
### NEGLIGENCE
**Against Defendant AR**

82.     Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 81 above.

83.     Defendant AR had a duty to exercise reasonable care in hiring, retaining, training, and supervising its drivers, including Defendant Smith.

84.     Defendant AR had a duty to exercise reasonable care in entrusting its vehicles and equipment—and any and all vehicles and equipment under its control—to responsible, competent, and qualified drivers.

85.     Defendant AR had a duty to abide by the Federal Motor Carrier Safety Regulations.

86.     Defendant AR failed to exercise reasonable care in meeting its duties in at least the following respects:

a.  In hiring Defendant Smith when AR knew or should have known that Smith was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless commercial motor vehicle operator;

b.  In continuing to retain Defendant Smith when AR knew or should have known that Smith was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless commercial motor vehicle operator;

c.  In failing to train and/or re-train its drivers, including Defendant Smith, regarding defensive driving techniques and methods, how to keep a proper lookout, how far a commercial motor vehicle operator should look ahead, distracted driving, inattentive driving, fatigue and impairment, and hazards that must be identified, appreciated and responded to;

d.  In permitting Defendant Smith to operate a commercial motor vehicle that wasn't properly equipped;

e.  In permitting Defendant Smith to operate a commercial motor vehicle without requiring him to submit to a road test so that his driving skills, conduct and performance could be evaluated;

f.  In requiring and/or permitting Defendant Smith to operate a commercial motor vehicle when he was too fatigued and/or impaired to safely operate a commercial motor vehicle;

g.  In failing to investigate and/or review information and materials regarding Defendant Smith's previous employment;

h.  In failing to supervise and/or monitor Defendant Smith's driving conduct or performance; and

14

i.   Any other acts of negligence that have not been exposed but may be identified during discovery.

87.   The aforementioned independent acts of negligence of AR breached the requisite standard of care.

88.   The aforementioned independent acts of negligence of AR each directly and proximately caused Plaintiff Ned Robinson's injuries and Plaintiffs' damages as asserted in this Complaint.

**COUNT VII**
**NEGLIGENCE PER SE**
**Against Defendant AR**

89.   Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 88 above.

90.   The aforementioned acts and omissions by Defendant AR constitute negligence per se.

91.   Defendant AR's negligent acts and omissions violated provisions of the Federal Motor Carrier Safety Regulations, including but not limited to:

a.   49 C.F.R § 390.3, general applicability;

b.   49 C.F.R § 390.11, motor carrier to require observance of driver regulations;

c.   49 C.F.R. § 390.13, aiding or abetting violations;

d.   49 C.F.R § 391.11, general qualifications of drivers;

e.   49 C.F.R § 391.13, responsibilities of drivers;

f.   49 C.F.R § 391.23, investigation and inquiries;

g.   49 C.F.R § 391.31, road test;

h.   49 C.F.R § 392.3, ill or fatigued operator;

15

i.   49 C.F.R § 392.7, equipment, inspection and use;

j.   49 C.F.R § 392.9, inspection of cargo, cargo securement devices and systems;

k.   49 C.F.R § 392.80, prohibition against texting;

l.   49 C.F.R § 392.82, using a hand-held mobile telephone;

m.  49 C.F.R § 396.3, inspection repair & maintenance; and

n.   49 C.F.R § 396.7, unsafe operations forbidden.

92.    Plaintiff Ned Robinson was a member of the class sought to be protected under the provisions of the Federal Motor Carrier Safety Regulations that were violated by Defendant AR.

93.    Plaintiff Ned Robinson's injuries that resulted from the subject crash are the type of injuries that the Federal Motor Carrier Safety Regulations were designed to prevent and avoid.

94.    The aforementioned violations were each a direct and proximate cause of the subject crash and resulted in Plaintiff's injuries and Plaintiffs' damages as asserted in this Complaint.

## COUNT VIII
### GROSS NEGLIGENCE
### Against Defendant AR

95.    Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 94 above.

96.    The aforementioned acts and omissions by Defendant AR constitute gross negligence.

97.    Defendant AR had actual, subjective awareness of the risks associated with its acts and omissions, but nevertheless proceeded with them.

98.    Defendant AR acted with conscious indifference to Plaintiff Ned Robinson's rights, safety, and welfare.

99.     Defendant AR's acts and omissions were committed with an extreme degree of risk, impatience, and greed, and were the result of Defendant AR's decisions to violate the Federal Motor Carrier Safety Regulations, to forego investigation into Defendant Smith's background and previous employment experience, to not train, retrain or provide any remedial training or training materials to Defendant Smith, and to require and/or permit Defendant Smith to operate a commercial motor vehicle when he was too fatigued, distracted and/or impaired to operate such a vehicle safely.

100.    The grossly negligent acts discussed above were each a direct and proximate cause of the subject crash and resulted in Plaintiff Ned Robinson's injuries and Plaintiffs' damages as asserted in this Complaint.

### COUNT IX
#### NEGLIGENCE
**Against Defendant AMERICAN HYDROTECH, INC.**

101.    Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 100 above.

102.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in hiring, retaining, training and supervising its drivers, including Defendant Smith.

103.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in contracting with, hiring, retaining and supervising its motor carriers, including AR.

104.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in entering into trailer interchange agreements with other entities.

105.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in entrusting its vehicles and equipment—and any and all vehicles and equipment under its control—to responsible, competent, and qualified motor carriers and drivers.

17

106.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in inspecting and maintaining its vehicles and equipment.

107.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in ensuring that the vehicles and equipment that it used and/or permitted others to use were adequate, up-to-code, sufficient and safe.

108.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in weighing and/or scaling the cargo that it transported and/or that it arranged for others to transport.

109.    Defendant AMERICAN HYDROTECH, INC. had a duty to exercise reasonable care in ensuring that the cargo that it transported and/or the cargo that it arranged others to transport was not overweight, and that the cargo was loaded properly and securely.

110.    Defendant AMERICAN HYDROTECH, INC. had a duty to abide by the Federal Motor Carrier Safety Regulations.

111.    Defendant AMERICAN HYDROTECH, INC. failed to exercise reasonable care in meeting its duties in at least the following respects:

    a.    In hiring Defendant Smith when AMERICAN HYDROTECH, INC. knew or should have known that Smith was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless commercial motor vehicle operator;

    b.    In continuing to retain Defendant Smith when AMERICAN HYDROTECH, INC. knew or should have known that Smith was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless commercial motor vehicle operator;

    c.    In failing to train and/or re-train its drivers, including Defendant Smith, regarding defensive driving techniques and methods, how to keep a proper lookout, how far

18

a commercial motor vehicle operator should look ahead, distracted driving, inattentive driving, fatigue and impairment, and hazards that must be identified, appreciated and responded to;

d.  In permitting Defendant Smith to operate a commercial motor vehicle with improper equipment;

e.  In permitting Defendant Smith to operate a commercial motor vehicle without requiring him to submit to a road test so that his driving skills, conduct and performance could be evaluated;

f.  In requiring/permitting Defendant Smith to operate a commercial motor vehicle when he was too fatigued and/or impaired to safely operate a commercial motor vehicle;

g.  In failing to investigate and/or review information and materials regarding Defendant Smith's previous employment;

h.  In failing to supervise and/or monitor Defendant Smith's driving conduct or performance;

i.  In contracting with and/or hiring Defendant AR when AMERICAN HYDROTECH, INC. knew or should have known that AR was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless motor carrier, and when AMERICAN HYDROTECH, INC. failed to perform any investigation, evaluation or review of AR;

j.  In continuing to contract with and/or retain Defendant AR when AMERICAN HYDROTECH, INC. knew or should have known that AR was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless motor carrier;

k.  In entering into a trailer interchange agreement with AR when AMERICAN HYDROTECH, INC. knew or should have known that AR was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless motor carrier, and when AMERICAN HYDROTECH, INC. failed to perform any investigation, evaluation or review of AR;

l.  In permitting AR and/or Smith to use its vehicles and equipment when AMERICAN HYDROTECH, INC. knew or should have known that AR was an unfit, unsafe, unstable, unqualified, incompetent, and/or reckless motor carrier, and when AMERICAN HYDROTECH, INC. failed to perform any investigation, evaluation or review of AR;

m.  In failing to inspect and maintain the AMERICAN HYDROTECH, INC. trailer involved in the subject crash;

n.  In failing to weigh and scale the cargo that was being transported on the AMERICAN HYDROTECH, INC. trailer involved in the subject crash;

o.  In permitting the AR tractor and AMERICAN HYDROTECH, INC. trailer to be operated by Defendant Smith when the combined weight of the AR tractor, AMERICAN HYDROTECH, INC. trailer and the subject cargo was in excess of 80,000 lbs.; and

p.  Any other acts of negligence that have not been exposed but may be identified during discovery.

112.   The aforementioned independent acts of negligence of AMERICAN HYDROTECH, INC. breached the requisite standard of care.

20

113. The aforementioned independent acts of negligence of AMERICAN HYDROTECH, INC. each directly and proximately caused Plaintiff Ned Robinson's injuries and Plaintiffs' damages as asserted in this Complaint.

## COUNT X
### NEGLIGENCE PER SE
### Against Defendant AMERICAN HYDROTECH, INC.

114. Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 113 above.

115. The aforementioned acts and omissions by Defendant AMERICAN HYDROTECH, INC. constitute negligence per se.

116. Defendant AMERICAN HYDROTECH, INC.'s negligent acts and omissions violated provisions of Mississippi law, including but not limited to Section 63-5-33, gross weight of vehicle and loads.

117. Defendant AMERICAN HYDROTECH, INC.'s negligent acts and omissions violated provisions of the Federal Motor Carrier Safety Regulations, including but not limited to:

    a. 49 C.F.R § 390.3, general applicability;

    b. 49 C.F.R § 390.11, motor carrier to require observance of driver regulations;

    c. 49 C.F.R. § 390.13, aiding or abetting violations;

    d. 49 C.F.R § 391.11, general qualifications of drivers;

    e. 49 C.F.R § 391.13, responsibilities of drivers;

    f. 49 C.F.R § 391.23, investigation and inquiries;

    g. 49 C.F.R § 391.31, road test;

    h. 49 C.F.R § 392.3, ill or fatigued operator;

    i. 49 C.F.R § 392.7, equipment, inspection and use;

j.   49 C.F.R § 392.9, inspection of cargo, cargo securement devices and systems;

k.   49 C.F.R § 392.80, prohibition against texting;

l.   49 C.F.R § 392.82, using a hand-held mobile telephone;

m.  49 C.F.R. § 392.40, required brake systems;

n.   49 C.F.R. § 393.42, brakes required on all wheels;

o.   49 C.F.R. § 393.48, brakes to be operative;

p.   49 C.F.R. § 393.52, brake performance;

q.   49 C.F.R § 396.3, inspection repair & maintenance; and

r.   49 C.F.R § 396.7, unsafe operations forbidden.

118.   Plaintiff Ned Robinson was a member of the class sought to be protected under the provisions of Mississippi law and the Federal Motor Carrier Safety Regulations that were violated by Defendant AMERICAN HYDROTECH, INC.

119.   Plaintiff Ned Robinson's injuries that resulted from the subject crash are the type of injuries that Mississippi law and the Federal Motor Carrier Safety Regulations were designed to prevent and avoid.

120.   The aforementioned violations were each a direct and proximate cause of the subject crash and resulted in Plaintiff's injuries and Plaintiffs' damages as asserted in this Complaint.

## COUNT XI
### GROSS NEGLIGENCE
### Against Defendant AMERICAN HYDROTECH, INC.

121.   Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 120 above.

122.    The aforementioned acts and omissions by Defendant AMERICAN HYDROTECH, INC. constitute gross negligence.

123.    Defendant AMERICAN HYDROTECH, INC. had actual, subjective awareness of the risks associated with its acts and omissions, but nevertheless proceeded with them.

124.    Defendant AMERICAN HYDROTECH, INC. acted with conscious indifference to Plaintiff Ned Robinson's rights, safety, and welfare.

125.    Defendant AMERICAN HYDROTECH, INC.'s acts and omissions were committed with an extreme degree of risk, impatience and greed, and were the result of Defendant AMERICAN HYDROTECH, INC.'s decisions to violate the Federal Motor Carrier Safety Regulations, to forego necessary investigation into Defendant Smith's background and previous employment experience and AR's background, experience and history, to not train, retrain or provide any remedial training or training materials to Defendant Smith, to forego the required weighing and/or scaling of the cargo that was being transported on the AMERICAN HYDROTECH, INC. trailer involved in the subject crash, to forego required inspections and maintenance on the AMERICAN HYDROTECH, INC. trailer that was involved in the subject crash, and to require and/or permit Defendant Smith to operate a commercial motor vehicle when he was too fatigued, distracted and/or impaired to operate such a vehicle safely.

### NED ROBINSON'S DAMAGES

126.    Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 125 above.

127.    As a direct and proximate result of the negligent and grossly negligent acts and omissions of all Defendants as asserted in this Complaint, Plaintiff Ned Robinson has suffered and will continue to suffer damages, including but not limited to:

    a.   Past, present, and future medical bills and expenses;

    b.   Past, present, and future pain and suffering;

    c.   Past, present, and future emotional distress and mental anguish;

    d.   Past, present, and future lost wages;

    e.   Past, present, and future loss of enjoyment of life; and

    f.   Any and all other recoverable damages.

128.    As a result of Defendants' wanton, willful, reckless, and grossly negligent acts and omissions as asserted in this Complaint, Plaintiff Ned Robinson is entitled to an award of punitive damages.

129.    Any statutory cap or limitation that would, in application, reduce any of Plaintiff Ned Robinson's Damages from the amount determined by the jury in this action, including Mississippi Code Section 11-1-60, is a violation of the Constitution of the State of Mississippi and a violation of the Constitution of the United States.  Mississippi Code Section 11-1-60 violates the Separation of Powers Clause of the Mississippi Constitution, as well as the Right to Jury Trial Clause, the Right to Court Access and Remedies Clause, the Due Process Clause and Equal Protection Clauses of the Mississippi Constitution.  Mississippi Code Section 11-1-60 constitutes an improper de facto amendment to the Mississippi Constitution, and is in conflict with the clear language of the Mississippi Constitution.

130.    Plaintiff Ned Robinson seeks all costs, expenses, including fees and expenses of expert witnesses, and attorneys' fees arising from the incident complained of in this action.

131.    Plaintiff Ned Robinson also requests pre-judgment and post-judgment interest.

## LINDA C. ROBINSON'S DAMAGES

132.    Plaintiffs specifically refer to and incorporate by reference Paragraphs 1 through 131 above.

133.    At all relevant times, Plaintiff Linda C. Robinson has been and is the spouse of Plaintiff Ned Robinson.

134.    As a direct and proximate result of the negligent and grossly negligent acts and omissions of all Defendants as asserted in this Complaint, Plaintiff Linda C. Robinson has suffered and will continue to suffer damages, including but not limited to, the loss of her husband's consortium, services, companionship, support, guidance, advice, counsel, and assistance, which existed before Plaintiff Ned Robinson suffered the injuries caused by Defendants.

135.    As a result of Defendants' wanton, willful, reckless, and grossly negligent acts and omissions as asserted in this Complaint, Plaintiff Linda C. Robinson is entitled to an award of punitive damages.

136.    Any statutory cap or limitation that would, in application, reduce any of Plaintiff Linda C. Robinson's Damages from the amount determined by the jury in this action, including Mississippi Code Section 11-1-60, is a violation of the Constitution of the State of Mississippi and a violation of the Constitution of the United States. Mississippi Code Section 11-1-60 violates the Separation of Powers Clause of the Mississippi Constitution, as well as the Right to Jury Trial Clause, the Right to Court Access and Remedies Clause, the Due Process Clause and Equal Protection Clauses of the Mississippi Constitution. Mississippi Code Section 11-1-60 constitutes an improper de facto amendment to the Mississippi Constitution, and is in conflict with the clear language of the Mississippi Constitution.

137.    Plaintiff Linda C. Robinson seeks all costs, expenses, including fees and expenses of expert witnesses, and attorneys' fees arising from the incident complained of in this action.

138.    Plaintiff Linda C. Robinson also requests pre-judgment and post-judgment interest.

## CONCLUSION

Therefore, based on the allegations stated above, Plaintiffs respectfully demand judgment of, from, and against Defendants in amounts to be determined by the jury as actual, compensatory, and punitive damages, as well as costs, expenses, expert witness fees and expenses, attorneys' fees, and such other, further, and more general relief as may appear necessary and proper under the circumstances.

RESPECTFULLY SUBMITTED this, the 31st day of January, 2020.

NED ROBINSON and LINDA C. ROBINSON,
Plaintiffs

By and Through Their Attorneys,
LUCKEY & MULLINS, PLLC

BY:   /s/ Stephen W. Mullins

STEPHEN W. MULLINS (MS Bar No. 9772)
Luckey and Mullins, PLLC
1729 Government Street
Ocean Springs, MS 39564
Telephone: 228-875-3175
Fax: 228-872-4719
smullins@luckeyandmullins.com

26

## **CERTIFICATE OF SERVICE**

I, STEPHEN W. MULLINS, do hereby certify that I have on this day electronically filed the above and foregoing Complaint with the Clerk of this Court using the ECF System on this, the 31st day of January, 2020.

/s/ Stephen W. Mullins
STEPHEN W. MULLINS