IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| NED ROBINSON and LINDA C. ROBINSON | PLAINTIFFS |
| v. | CAUSE NO. 1:20cv40-LG-RPM |
| ACTION RESOURCES, LLC; DEMETRIUS A. SMITH; and TOTAL SPECIALTIES USA, INC. | DEFENDANTS |

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS
AND GRANTING PLAINTIFFS' MOTION FOR
EXTENSION OF TIME TO SERVE PROCESS

**BEFORE THE COURT** are Defendant Demetrius A. Smith's [19] Motion to Dismiss Complaint Pursuant to Rule 12(b)(5) and [26] Amended Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(5), as well as the [22] Motion for Extension of Time to Serve Process filed by Ned Robinson and Linda C. Robinson. The parties have finished briefing the Motions. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that Smith's Motions to Dismiss should be denied and the Robinsons' Motion for an Extension of Time to Serve Process should be granted.

BACKGROUND

This lawsuit arose out of a February 1, 2017 motor vehicle accident. The Robinsons filed their Complaint on January 31, 2020, and an Amended Complaint on March 2, 2020. They attempted to serve Smith with process on March 27, 2020. Smith filed a Motion to Dismiss for Insufficient Service of Process on May 15, 2020. The parties agree that the Robinsons' attempt to serve Smith with process via

certified mail was insufficient because the mailing was not marked "restricted delivery" and a person other than Smith signed for the delivery. The Robinsons filed a Motion for Extension of Time to Serve Process, and Smith filed an Amended Motion seeking dismissal with prejudice because the statute of limitations would now prohibit the Robinsons from refiling their lawsuit.

## DISCUSSION

Fed. R. Civ. P. 12(b)(5) allows a defendant to file a motion to dismiss for insufficient service of process. District courts deciding such motions "enjoy[ ] a broad discretion." *George v. U.S. Dep't of Labor,* 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam); *see also Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (per curiam) (noting that a dismissal under Rule 12(b)(5) is reviewed for abuse of discretion). A request for additional time to effect service of process falls under Fed. R. Civ. P. 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, even in the absence of a showing of good cause, the Fifth Circuit has held that dismissal with prejudice for failure to timely serve process "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). As a result, dismissal is only warranted where there is "a clear record of delay or contumacious conduct by the plaintiff . . . and a lesser sanction would not better serve the interests of justice."

*Id.* (internal quotation marks omitted).  Generally, dismissal is only warranted where at least one of the following factors is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

There is no clear record of delay or contumacious conduct on the part of the Robinsons that would justify dismissal with prejudice.  In addition, the error in serving process was made by the Robinsons' attorney, and Smith has not been prejudiced by the slight delay in serving process.  As a result, Smith's Motions to Dismiss must be denied, and the Robinsons' Motion for an Extension of Time to Serve Process must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [22] Motion for Extension of Time to Serve Process filed by Ned Robinson and Linda C. Robinson is **GRANTED**.  The Robinsons' deadline for serving process is extended to October 6, 2020.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Demetrius A. Smith's [19] Motion to Dismiss Complaint Pursuant to Rule 12(b)(5) and [26] Amended Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(5) are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE